PÉREZ, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF COLLADO,
DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Mayagüez.

No. 983.—Decided November 10, 1913.

COSTS—COSTS IN MUNICIPAL COURTS—APPEALS TO DISTRICT COURTS.—Section
333 of the Code of Civil Procedure, providing that the party adjudged
by a district court to pay the costs in a case appealed from a municipal
court must also pay the costs incurred in the lower court, was not repealed
expressly or by implication by the Act of March 11, 1908, regulating appeals
from judgments of municipal courts in civil actions.

REPEAL BY IMPLICATION.—In order that a law may be considered as repealed
impliedly by a subsequent law, the new law must contain provisions either
contrary to or irreconcilable with the former law.

The facts are stated in the opinion.

*Mr. Benito Forés* for appellant.

*Mr. José Ramón Freyre* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

After rendering a judgment imposing costs and disbursements on the plaintiff in a civil action tried on appeal, the District Court of Mayagüez approved the bill of costs in which there was an item of $9.50 as fees paid to the secretary of the Municipal Court of San Germán for the transcript of the record for the appeal.

An appeal was taken from that order to this court and the only question raised for our consideration is whether the said item should have been stricken from the bill of costs by the district court because section 333 of the Code of Civil Procedure, providing that the costs arising in the municipal court may be included in the costs incurred in the appeal, was repealed by section 5 of the Act of March 11, 1908, page 168, which is alleged to have been violated. That act, which was enacted to regulate appeals from judgments of municipal courts in civil actions, contains no provision expressly repealing said section 333. Let us see whether it repeals it by implication.

The said act grants appeals to district courts from judgments of municipal courts in civil cases; regulates the manner of perfecting such appeals; determines the effect produced by the filing of the appeal; defines the manner of proceeding in the district court and states how the judgment there rendered shall be executed. As to costs, it provides only that if the plaintiff fail to appear before the district court the action shall be dismissed for want of prosecution and the court shall enter judgment for the defendant with costs. The section of the Code of Civil Procedure of 1904 alleged to have been repealed by this act reads as follows:

"Section 333.—In the following cases, the costs of appeal are in the discretion of the court.

"1. When a new trial is ordered.

"2. When a judgment is modified.

"In all other cases the prevailing party shall recover costs, including his costs below, when the appeal is to the district court."

According to section 6 of the Revised Civil Code, in order that a law may be considered as repealed impliedly by a subsequent law the new law must contain provisions either contrary to or irreconcilable with the former law. The provision of the Code of Civil Procedure that the costs in the lower court shall be included in the costs on appeal is neither contrary to nor irreconcilable with any provision of the said act regulating appeals; not even with the provision that the costs shall be imposed upon the plaintiff if he fail to appear before the district court at the hearing of the appeal, for the provision that said costs shall be imposed is not contradictory to the provision that the costs of the court below shall be included. Therefore we cannot hold that the section quoted was repealed by implication.

In the present case the costs were imposed upon the party against whom judgment was rendered in the district court, and as section 333, quoted herein, expressly provides that the party adjudged to pay the costs in an appeal to the district

court shall pay also the costs in the court below, the district court committed no error in allowing the item of $9.50 paid for the transcript of the record in the court below to be included in the bill of costs.

The appeal should be dismissed.

*Dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in this decision.